**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TROY DANIEL THOELE #1784662** | § | |
| | § | |
| **V.** | § | **A-15-CA-997-SS** |
| | § | |
| **GREG ABBOTT, MARGIE JOHNSON,** | § | |
| **ROSS BEHRENS, and KEN PAXTON** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Huntsville Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. On April 12, 2012, Plaintiff was convicted of nearly 50 counts of possession of child pornography and sentenced to ten years in prison for each count. Plaintiff sues Greg Abbott, Margie Johnson, Ross Behrens, and Ken Paxton. He alleges the actions of Johnson and Behrens, while working for the Texas Attorney General's Office, violated his rights under the Federal Stored Communications Act, 18 U.S.C. §§2701-2711. He further alleges their actions violated numerous state laws. Plaintiff contends Greg Abbott had

established an official policy or unofficial custom at the Attorney General's Office of utilizing the authority of a Travis County grand jury to issue fraudulent subpoenas to circumvent the requirements of the Electronic Communications Privacy Act, clearly established federal law, and a number of state laws. Plaintiff requests a declaratory judgment that his rights have been violated and an injunction ordering Attorney General Ken Paxton to immediately and permanently cease the policy or custom of using fraudulent subpoenas to illegally obtain subscriber billing information.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Statute of Limitations

Plaintiff files this action pursuant to the Federal Stored Communications Act. A civil action under the Stored Communications Act may not be commenced later than two years after the date

upon which the claimant first discovered or had a reasonable opportunity to discover the violation. 18 U.S.C. § 2707(f).

Plaintiff committed his offenses on June 8, 2011.  He was convicted and sentenced on April 12, 2012.  Plaintiff would have had a reasonable opportunity to discover the alleged violation no later than the date of his conviction.  Plaintiff did not execute his federal complaint until October 30, 2015, more than a year after the limitations period expired.  Accordingly, Plaintiff's complaint is time-barred.

>C.  Supplemental Jurisdiction

Plaintiff also asserts state law claims.  Pursuant to 28 U.S.C. § 1367, a district court generally has supplemental jurisdiction over claims that are so related to claims in the action which it has original jurisdiction that they form part of the same case or controversy.  However, a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  Because the dismissal of Plaintiff's federal claim is recommended, the District Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

RECOMMENDATION

It is therefore recommended that Plaintiff's federal claim be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  It is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant

monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ

- Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of November, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE